■ In the Matter of the Claim of HARRY SCHECHTER, Respondent, against STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board predicated upon findings that claimant, a trial attorney, sustained accidental injuries in the nature of a coronary occlusion and myocardial infarction due to court activities found to be "exceedingly strenuous both emotionally and physically", to an increasingly heavy work schedule and to the exertion of carrying a heavy brief case over considerable distances. The board held that claimant's activities, with their "attendant emotional and physical strain", during the two-month period which preceded his attack while at home, "constitute[d] an accidental injury" which was "an aggravating and contributing factor in the coronary occlusion and myocardial infarction". Neither in the board's findings nor in the record as a whole are we able to find accident within its legal definition. Directly in point are *Matter of Lesnik* v. *National Carloading Corp.* (285 App. Div. 649, affd. 309 N. Y. 958) and *Matter of O'Rourke* v. *State Ins. Fund* (2 A D 2d 616). As was said in *Lesnik* (p. 651): "The illness shown in this record is not accidental because no eventful happening can be demonstrated to have caused it". While the board's brief discusses the stress and effort of claimant's summation upon a trial, as well as certain symptoms then manifested, the episode which the board held to be an accident occurred a week later. Decision and award reversed and claim dismissed, with costs to appellant against the

Workmen's Compensation Board. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.